IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-00-0286-01 |
| | § | |
| ANTHONY ROBINSON | § | (Civil Action No. H-09-1110) |

## **MEMORANDUM AND ORDER**

Pending before the Court is a motion filed by the defendant, Anthony Robinson, also known as Tony Marcel Robinson ("Robinson"), to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. # 315). The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, the Court **denies** the defendant's motion and **dismisses** the corresponding civil action (No. H-09-1110) for reasons set forth below.

### I. BACKGROUND AND PROCEDURAL HISTORY

On May 8, 2000, a federal grand jury in this district returned a multi-count indictment against Robinson, and others, in connection with a conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana. On December 20, 2000, a jury found Robinson guilty as charged. After considering a presentence report (a "PSR") prepared by the Probation Office, the Court sentenced Robinson on May 8, 2002, to serve 235 months in prison. (Doc. # 225).

Robinson's conviction was affirmed on direct appeal. *See United States v. Ingram*,

96 F. App'x 946 (5th Cir. 2004) (No. 01-21041). Thereafter, the United States Supreme Court remanded the case for further consideration of the sentence in light *United States v. Booker*, 543 U.S. 220 (2005). *See Robinson v. United States*, 543 U.S. 1115 (2005). After considering supplemental briefing on the impact of *Booker*, which held that the Sentencing Guidelines were no longer mandatory, but were to be followed in an advisory fashion, the Fifth Circuit vacated Robinson's sentence and remanded his case for a new punishment proceeding. *See United States v. Robinson*, 174 F. App'x 809 (5th Cir. April 3, 2006) (No. 02-20615).

At a sentencing hearing on April 27, 2007, this Court adopted the same findings it made at Robinson's initial sentencing proceeding, meaning that Robinson faced a potential range of imprisonment from 235 to 293 months under the advisory Sentencing Guidelines. In an amended judgment, the Court varied downward after concluding that a sentence at the lowest end of the Guidelines range would result in an unfair and unreasonably high prison term in comparison with his co-conspirators. Thus, the Court sentenced Robinson to serve a total of 180 months in prison. (Docs. # 301, # 309).

In his second direct appeal, Robinson argued, as he did in his first direct appeal, that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), because his sentence was based on facts that were not pleaded in the indictment or proven to a jury beyond a reasonable doubt. The Fifth Circuit rejected that argument and affirmed after finding "no error" in the sentence. *United States v. Robinson*, 2008 WL 3876549 (5th Cir. August 21, 2008) (No. 07-20376).

Robinson now seeks relief under 28 U.S.C. § 2255 on the following grounds: (1) his sentence violates *Apprendi* and *Blakely v. Washington*, 542 U.S. 296 (2004); (2) his sentence is unconstitutional because, as a non-citizen of Jamaican descent, he is facing deportation upon his release from prison and is not eligible for early release to a half-way house; and (3) he was denied effective assistance of counsel.[1] After considering all of the pleadings, the Court concludes that Robinson fails to show that he is entitled to relief from his conviction and sentence under the governing standard of review.

## II.   STANDARD OF REVIEW

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at 166. Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel, "since no opportunity existed [before the district court] to develop the

---

[1] The Court has re-ordered Robinson's claims for purposes of analysis under 28 U.S.C. § 2255. Robinson's § 2255 motion also includes a civil rights claim concerning the adequacy of his medical care while incarcerated. The Court will address that claim separately below after it has considered Robinson's other grounds for relief under § 2255.

3

record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987); *see also Massaro v. United States*, 538 U.S. 500 (2003).

Robinson proceeds *pro se* in this matter. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997). Nevertheless, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## III.    DISCUSSION

### A.    Claims Under *Apprendi* and *Blakely*

Robinson complains that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), because his punishment was based on facts that were not pleaded in the indictment or proven to a jury beyond a

reasonable doubt. This argument was raised during Robinson's second direct appeal and rejected by the Fifth Circuit, which determined that the sentence was properly imposed. *See United States v. Robinson*, 2008 WL 3876549 (5th Cir. August 21, 2008) (No. 07-20376). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 [m]otions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Because the Fifth Circuit has already decided there was no error in the sentence, Robinson is not entitled to collateral review of this issue.

### B. Immigration Status as a Sentencing Factor

Robinson complains that he is entitled to relief from his sentence because, as a non-citizen from Jamaica, he is facing deportation upon his release from prison and will not benefit from early release programs available in the Bureau of Prisons, such as assignment to a half-way house. Robinson did not present this claim on direct appeal and, therefore, it appears that this claim is procedurally barred as a result. *See Frady*, 456 U.S. at 166. Alternatively, even if not barred, Robinson fails to show that this claim merits relief under 28 U.S.C. § 2255.

The record shows that Robinson's lack of United States citizenship was raised prior to his re-sentencing hearing on April 27, 2007. (Doc. # 292, Sentencing Memorandum, at 8-9). Robinson's defense counsel advised the Court that immigration officials had placed a "hold" or detainer on Robinson that could preclude his participation in certain rehabilitative programs and would prevent his early release from prison to a half-way house. Defense counsel argued, therefore, that Robinson would likely serve a longer prison sentence as the

result of his immigration status than an non-immigrant would, making his punishment disproportionately severe. Defense counsel repeated this argument at the re-sentencing hearing in an effort to reduce Robinson's prison sentence. (Doc. # 309, Sentencing Transcript, at 13-14). After considering the "strong argument" made by defense counsel, this Court agreed to vary below the recommended guidelines range. (*Id.* at 24-26). In doing so, the Court noted that the offense was serious and deserved punishment, but that Robinson's status as a deportable non-citizen was a factor "of some significance" and which warranted a downward adjustment. (*Id.* at 25-26).

Robinson does not allege facts showing that he is entitled to an additional downward departure or reduction in sentence to offset the collateral consequences of his immigration status. *See Moreno v. United States*, 2007 WL 2712482, *2 (N.D. Tex. 2007) (noting that "[t]he mere fact that defendant is not eligible for early release to a halfway house . . . is not enough to take this case outside the "heartland" of typical cases covered by the sentencing guidelines") (citations omitted). To the extent that Robinson complains that his sentence was calculated incorrectly under the Guidelines, this issue is not cognizable on collateral review. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (holding that a district court's application of the Sentencing Guidelines does not give rise to a claim cognizable under § 2255). Because Robinson does not show that the Court failed to take his immigration status into account, or that his sentence was otherwise calculated incorrectly, Robinson is not entitled to relief under 28 U.S.C. § 2255 on this issue.

  **C.**  **Ineffective Assistance of Counsel**

Robinson complains further that his appointed defense counsel, David Dudley, was deficient. A defendant's claim that he was denied effective assistance of counsel is governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Fields*, — F.3d —, 2009 WL 975806 at *3 (5th Cir. 2009). To satisfy this test, a petitioner "[f]irst . . . must show that [his] counsel's performance was deficient." *Strickland*, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Second, the petitioner "must show that the deficient performance prejudiced the defense." *Id*. at 687. "This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." *Id*. To do so, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In this case, Robinson complains that his attorney was deficient because, after Robinson was convicted, he discovered that his attorney was "in love with" Robinson's "daughter's mother."[2] Defense counsel was also reportedly "after" Robinson's house in Sugarland and took $14,000 in payment from family members after he was appointed by the

---

[2] The record reflects that, at the time in question, Robinson had seven children with six different women, none of whom were his wife. Robinson does not indicate which of these women his attorney allegedly fancied or how it affected his obligation as defense counsel.

7

Court.  In addition, Robinson faults his defense counsel for failing to provide him with a copy of the Fifth Circuit's opinion from his second direct appeal.

The record shows that Robinson was initially represented by retained counsel, Allan Cease, and that Dudley was appointed under the Criminal Justice Act ("CJA") to represent him after Cease moved to withdraw.  (Docs # 108, # 117).  The record demonstrates that Dudley provided capable representation during Robinson's trial and sentencing.  After the original judgment was entered, Robinson retained new counsel, Matthew M. Robinson, for purposes of his appeal.  (Doc. # 243).  Dudley represented Robinson again during his re-sentencing, and he was successful in obtaining a significant reduction in the term of imprisonment, from 235 to 180 months.  (Docs. # 280, # 301).  Dudley also represented Robinson during his second direct appeal.[3]  *See United States v. Robinson*, 2008 WL 3876549 (5th Cir. August 21, 2008) (No. 07-20376).

Robinson does not dispute his guilt in this case and the evidence against him was substantial.  Likewise, Robinson does not allege any particular shortcoming in connection with his counsel's performance during court proceedings.  Even assuming that counsel's performance was deficient, Robinson fails to demonstrate that he suffered any actual prejudice.  Under these circumstances, Robinson's conclusory allegations are insufficient to raise a cognizable ineffective-assistance claim or to require an evidentiary hearing. *United*

---

[3] It is not clear from the record whether Dudley was appointed or retained during this time. In any event, whether Dudley was appointed or retained at any point during Robinson's criminal proceeding is not material to the question about whether he provided effective assistance of counsel.

*States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007). Accordingly, Robinson fails to demonstrate that he is entitled to relief under 28 U.S. § 2255 and his motion must be denied.

### D. Inadequate Medical Care

In addition to the above-referenced claims concerning his underlying conviction, Robinson complains that he has been denied adequate medical care for undisclosed vision problems that he has encountered while incarcerated. Claims concerning the conditions of confinement are actionable, if at all, under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and not under the habeas corpus statutes. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (explaining that if a "favorable determination" on a particular claim would not automatically entitle the prisoner to an accelerated release from custody, then the proper vehicle for that claim is a civil rights complaint).

Liberally construed, a substantial part, if not all, of the alleged civil rights violations outlined in the petition have occurred at the Reeves County Detention Center, where Robinson is currently incarcerated. The Reeves County Detention Center is in Pecos, Anderson County, which is located within the Western District of Texas, Pecos Division. *See* 28 U.S.C. § 124(d)(6). Because Robinson is not incarcerated in this district, his complaint concerning the conditions of his confinement was not properly filed here. *See* 28 U.S.C. § 1391(b); *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991). Accordingly, these claims will be dismissed without prejudice to reconsideration in a properly filed civil rights complaint.

9

## IV.     CERTIFICATE OF APPEALABILITY

The pending motion under 28 U.S.C. § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253.  Thus, a certificate of appealability ("COA") is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation omitted).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but

also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## V. CONCLUSION

Because the defendant has failed to establish an error of constitutional or jurisdictional magnitude, he is not entitled to relief under 28 U.S.C. § 2255. Accordingly, the Court **ORDERS** as follows:

1. The defendant's civil rights allegations regarding the level of his medical care are **DISMISSED** without prejudice.

2. The defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. # 315) is **DENIED** and the corresponding civil action (H-09-1110) is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy of this order in the corresponding civil case (Civil Action No. H-09-1110).

SIGNED at Houston, Texas, on May 28th, 2009.

*/s/ Nancy F. Atlas*
_____
Nancy F. Atlas
United States District Judge